IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| RYAN URESK HARVEY, ROCKS OFF, INC. and WILD CAT RENTAL, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> UTE INDIAN TRIB OF THE UINTAH AND OURAY RESERVATION, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:13-CV-00862 <br><br> Judge Dee Benson |

This matter is before the court on plaintiffs' motion to remand the case to the Eighth District Court of Duchesne County, Utah. (Dkt. No. 15.) The court heard oral argument on the motion, as well as three other motions, on May 13, 2014. (Dkt. Nos. 4, 6, and 9.)[1] Plaintiffs Ryan Uresk Harvey, Rocks off, Inc., and Wild Cat Rental, Inc. were represented by John D. Hancock and Bradley Brotherson. Defendants were represented by J. Preston Stieff, Patrick Scot Boice, Joel T. Zenger, and Chris R. Hogle. Having considered the parties' briefs, oral argument, and the relevant law, the court enters the following Memorandum Decision and Order.

---

[1] For the reasons discussed below, the court does not need to address these other motions.

**BACKGROUND**

What follows is the chronology of events in this case beginning from the date the original complaint was filed on April 4, 2013, through the date of removal on September 20, 2013. The original complaint identified four defendants ("Initial Defendants"): (1) the Ute Indian Tribe of the Uintah and Ouray Reservation ("Tribe"), (2) Dino Cesspooch, individually and as a Ute Tribal Employment Rights Office ("UTERO") Commissioner, (3) Jackie LaRose, individually and as a UTERO Commissioner, (3) and Sheila Wopsock, individually and as the UTERO Director. The complaint asked for a declaration with respect to the Tribe's and UTERO's exercise of authority over non-Indians in certain categories of land. The complaint also alleged two state-law causes of action, tortious interference with economic relations and extortion, against the UTERO defendants.

On April 17, 2013, copies of the summons and complaint were left at the UTERO office for all four of the Initial Defendants. Additionally, on May 8, 2013, Jackie LaRose was personally served with the summons and complaint, and on May 10, 2013, Dino Cesspooch was likewise personally served.

On May 1, 2013, J. Preson Stieff filed an Entry of Special Appearance and submitted a motion to dismiss the complaint. In their motion, the Initial Defendants asserted four arguments to support dismissal: (1) that the court lacked jurisdiction due to insufficient process and insufficient service of process, (2) that the court lacked subject-matter jurisdiction in the absence of a valid waiver of sovereign immunity by the Tribe, (3) that the court lacked jurisdiction over necessary and indispensable parties, and (4) that the court lacked jurisdiction because plaintiffs failed to exhaust administrative remedies. On May 15, 2013, plaintiffs filed an opposition to defendants' motion, and on May 29, 2013, plaintiffs filed their reply.

On June 6, 2013 defendants filed two motions requesting *pro hac vice* admission for two attorneys for the Tribe.

On July 8, 2013, Patrick Boice filed a notice of substitution of counsel, by which he substituted for Preston Stieff as counsel for three of the four Initial Defendants, Dino Cesspooch, Jackie LaRose, and Sheila Wopsock.

On July 17, 2013, plaintiffs filed a motion to amend their complaint. The amended complaint included the following additional defendants: Newfield Exploration Company, Newfield Rocky Mountains, Inc., Newfield RMI, LLC, L.C. Welding & Construction, Inc., Scamp Excavation, Inc., Huffman Enterprises, Inc., LaRose Construction Company, Inc. and D. Ray C. Enterprises, L.L.C.

On July 22, 2013, the state court heard oral argument on defendants' motion to dismiss. Defendants' first claim was that the Initial Defendants had not been properly served when plaintiffs left copies of the summons and complaint at the UTERO office on April 17, 2013. Following the hearing, the court ordered plaintiffs to serve two of the Initial Defendants, the Tribe and Sheila Wopsock, again but this time by certified mail. The other two defendants, Jackie LaRose and Dino Cesspooch, had already been personally served on May 8, and May 10, 2013, respectively. The court took the rest of defendants' motion under advisement. The court also ordered the parties to brief the issue of whether the Initial Defendants had made a general appearance, rather than a special appearance, when they litigated issues beyond the service issues in their motion to dismiss. The court gave each side until August 2, 2013, to submit their briefs, and the court's decision on this issue was pending at the time of the removal.

During August and September of 2013, plaintiffs served the Initial Defendants, as well as the newly added defendants, with the amended complaint.[2]

On September 20, 2013, the Tribe filed their notice of removal, removing the case to this court. The Tribe was the only party to file a notice. As the basis for removal, the Tribe states, at paragraph 5 of the notice, "Plaintiffs' Amended Complaint, like Plaintiffs' original Complaint, asserts claims against the Tribe for declaratory relief regarding the Tribe's jurisdiction under the Constitution, laws, and treaties of the United States, and also makes claims for alleged violations of state law." The notice also stated, at paragraph 8, that "counsel for the Tribe has conferred with counsel for Defendants Dino Cesspooch, Jackie LaRose, and Sheila Wopsock and those Defendants have consented to removal. The remaining Defendants have only recently been served and no attorney has yet entered an appearance on their behalf. Upon information and belief, those Defendants will consent to removal." By October 4, 2013, all other defendants had filed a consent and joinder to removal.

## **DISCUSSION**

Federal courts are courts of limited jurisdiction, and there is an underlying presumption that a case lies outside this limited jurisdiction. <u>Chavez v. Kincaid</u>, 15 F. Supp.2d 1118, 1119 (D.N.M. 1998). Because of this presumption, the defendant, as the party asserting jurisdiction,

---

[2] The amended complaint was served on the defendants, and returns were filed with the state court, as follows: Tribe (served September 3, 2013, return filed September 16, 2013); Dino Cesspooch (counsel accepted service August 3, 2013 and counsel was served again September 3, 2013, return filed September 16, 2013); Jackie LaRose (same as Dino Cesspooch); Sheila Wopsock (same as Dino Cesspooch); Newfield Defendants (including all Newfield entities named in the matter) (served September 3, 2013, return filed September 17, 2013); L.C. Welding & Construction, Inc. (served August 29, 2013, return filed September 3, 2013); Scamp Excavation, Inc. (served September 26, return filed October 3, 2013); Huffman Enterprises, Inc. (served August 29, 2013, return filed September 3, 2013); LaRose Construction Co., Inc. (served August 29, 2013, return filed September 3, 2013); and D. Ray Enterprises, LLC (served September 19, 2013, return filed September 19, 2013).

has the burden of establishing a right to removal.  Id.  When there is doubt as to the propriety of removal, such doubts should be resolved in favor of remand.  Id.  Furthermore, the decision to remand is "left to the sound discretion of the district judge."  Hill v. Citicorp, 804 F.Supp. 514, 516 (S.D.N.Y.1992).

I. **Waiver**

Plaintiffs claim that defendants waived their right to remove based on the level of defendants' efforts to first litigate the matter in state court.  A waiver of the right to remove occurs when a defendant "manifest[s] an intent to litigate in state court."  Chavez, 15 F.Supp. 2d at 1125 (citing Heafitz v. Interfirst Bank of Dallas, 711 F.Supp. 92, 97 (S.D.N.Y.1989)).  A determination of whether waiver has occurred "must be made on a case-by-case basis."  Hill v. State Farm Mutual Automobile Ins. Co., 72 F.Supp.2d 1353, 1354 (M.D.Fla.1999).  Upon a basic inquiry into the nature of the Initial Defendants' actions, it becomes clear that defendants took affirmative steps before the state court that went beyond what was necessary to prevent a default or to preserve the *status quo*.  See Chavez, 15 F.Supp. 2d at 1125 ("an act to maintain the state court *status quo* does not constitute waiver").  Furthermore, the Initial Defendants failed to remove soon after they became aware of possible federal-question issues.  See Chavez, 15 F.Supp. 2d at 1125 ("by proceeding in state court after they were aware of the possible federal question issues, Defendants waived their right to remove."); Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (2004) (holding that removal was proper when defendants filed a notice of removal three days after filing their motion to dismiss.  The court reasoned that defendants "should swiftly seek[] to remove his case to federal court.").

As of May 1, 2013, when the motion to dismiss was first filed, the Initial Defendants and their counsel knew, or should have known, of the possible federal-question issues presented by

5

plaintiffs' complaint. In their notice of removal, defendants admit that they believe the original complaint presented federal questions and that the amended complaint did not change the nature of these questions.[3] Instead of removing to federal court, defendants took various actions to proceed forward in state court; on May 29, 2013, defendants filed their reply to plaintiffs' memorandum in opposition to their motion; in early June, defendants then filed two motions to admit out-of-state attorneys *pro hac vice;* the following month, on July 22, 2013, defendants participated in oral argument on all four defenses presented in their motion to dismiss.

Furthermore, of the four defenses made in defendants' motion, only the defense regarding insufficient process and insufficient service of process necessarily needed to be raised by an initial motion or in a responsive pleading. See Utah R. Civ. P. 12. Conversely, defendants' other three defenses relate to unwaivable matters and were therefore not required to be included by way of a motion or responsive pleading. Specifically, the defense of lack of subject-matter jurisdiction and the defense of failure to exhaust administrative remedies relate to the court's subject-matter jurisdiction, and the defense of failure to join an indispensible party is one of the enumerated exceptions to waiver cited in the rule. Id. at 12(h).

Notably, when the state court took the motion under advisement, the court also ordered the parties to brief the issue of whether the Initial Defendants had made a general appearance, rather than a special appearance, when they litigated items beyond the service issues in their motion to dismiss. The court gave each side until August 2, 2013, to submit their briefs, and the court's decision on this issue was pending at the time of the removal. At that point it had been

---

[3] See Pl.'s Notice of Removal, ¶ 5. ("Plaintiffs' Amended Complaint, like Plaintiffs' original Complaint, asserts claims against the Tribe for declaratory relief regarding the Tribe's jurisdiction under the Constitution, laws, and treaties of the United States.").

6

nearly three months since defendants had been on notice of possible federal-question issues. Notwithstanding, a notice of removal was not filed for another month-and-a-half.

Additionally, it is instructive that defendants have now submitted and argued a nearly identical motion to dismiss in this court as the motion originally filed and argued before the state court. Thus, it seems defendants held nothing back in an effort to dispose of the matter in the first instance before the state court.

## II. Unanimity

Under the general removal statute, when a case is removed based on an alleged federal question, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. 1446(2)(A). This is known as the rule of unanimity.

Plaintiffs argue that the unanimity requirement cannot be met here because the Initial Defendants waived their right to remove, or to consent to removal, by manifesting an intent to litigate the matter in state court. Although the removal statute was recently revised to adopt the last-served rule, "[i]t simply does not address the separate issue of waiver of removal, and courts have continued to apply that doctrine even after the effective date of the changes to § 1446(b)(2)." Propane Resources Supply and Marketing, L.L.C. v. G.J. Creel & Sons, Inc., No. 12-2758-JTM, 2013 U.S. Dist. LEXIS 50765, at *2 (D. Kan. Apr. 9, 2013) (unpublished). "When a defendant waives its right to remove by manifesting its intent to have its case adjudicated in state court, it also waives its right to consent to a notice of removal brought by a co-defendant." Onders v. Kentucky State Univ., No. 3:11-45-DCR, 2011 U.S. Dist. LEXIS 138106, at *10 (E.D. Ky. Dec. 1, 2011) (unpublished). Additionally, "the inability to remove due to a co-defendant's earlier voluntary waiver is the functional equivalent of that co-defendant simply refusing to consent to removal, which is its prerogative," and there should not be "a

7

loophole that would allow [a defendant] to 'take back' its original decision to proceed in state court." Id.

Here, the Initial Defendants waived their right to removal, and their right to consent to removal, because they manifested an intent to litigate in state court. Thus, the unanimity requirement cannot be met.

## **CONCLUSION**

Because the Initial Defendants manifested an intent to litigate in state court, and because they failed to remove soon after they became aware of possible federal-question issues, they waived their right to removal and their right to consent to removal. Removal to this court was therefore improper. Accordingly, plaintiffs' motion to remand is GRANTED, and this case is hereby REMANDED to the Eighth District Court of Duchesne County, Utah.

DATED this 30th day of June, 2014.

_____
Dee Benson
United States District Judge